NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3963
_____

JAMES ANDREW BRIDGE,
                                        Appellant

v.

BRIAN FOGELSON; TINA RITCHIE; BRUCE HANELT; MARTA RIVARA;
EUGENE F. WOZNICKI; JACK H. BRITTEN; LOUIS MELCHOR;
ROBERT BURNS; FREDERICK P. COOK; ROBERT L. BRANDT;
GLORIA RIVERA; KEVIN BRENNAN
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. No. 3-15-cv-03160)
District Judge:  Honorable Peter G. Sheridan
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 23, 2016

Before:  McKEE, *Chief Judge*,[*] FISHER[**] and GREENAWAY, JR., *Circuit Judges*.

(Filed: March 15, 2017)

_____

---

[*] Honorable Theodore A. McKee concluded his term as Chief Judge of the United States Court of Appeals for the Third Circuit on September 30, 2016.
[**] Honorable D. Michael Fisher, United States Circuit Judge for the Third Circuit, assumed senior status on February 1, 2017.

OPINION***
_____

FISHER, *Circuit Judge*.

James Bridge appeals the District Court's dismissal of his complaint under Federal

Rule of Civil Procedure 12(b)(6) and its surrender of federal jurisdiction under *Colorado*

*River* abstention.[1] We will affirm, but on a rationale different from that adopted by the

District Court.

I

On April 24, 2013, in a special meeting of the North Warren Education

Association, Bridge was removed from his position as President of the Association for

reasons of gross negligence. In his place, the Association appointed Patricia Douglas-

Jarvis, who was formerly the Vice President of the Association, to the position of

President. In response to the motion to oust him, Bridge produced an email exchange

between himself and Douglas-Jarvis that had occurred eleven days earlier. In one email,

Douglas-Jarvis had used a religious epithet to describe the Superintendent of the school

district, Brian Fogelson.

Word of Bridge's dissemination of the email spread quickly, and Fogelson, upon

learning of the email, filed an affirmative action complaint. Pursuant to its affirmative

---

*** This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

2

action procedure, the school's Affirmative Action Officer, Louis Melchor, investigated the complaint. After investigating, the Affirmative Action Officer concluded that Bridge had perpetuated the discriminatory nature of the original email and that his distribution had disrupted the orderly operations of the school and caused the Superintendent unnecessary emotional distress in violation of the Title VII of the Civil Rights Act and board policy.

After disseminating the email, Bridge also took other actions in response to his removal as President. Bridge submitted a letter to the Association's Executive Council claiming that his removal was unlawful and demanding that he be reinstated. Bridge placed copies of his letter around the school. In response to his letter, staff members complained to the Superintendent about Bridge's behavior. Three staff members in particular also complained to the Affirmative Action Officer about Bridge's bullying and harassment during his time as President of the Association. The Affirmative Action Officer investigated these hostile work environment claims, in addition to the earlier investigation, and concluded that Bridge's actions had created a hostile work environment in violation of board policy. The first investigation resulted in Bridge's employment and adjustment increments for the 2013-14 school year being withheld, while other disciplinary consequences were a consequence of the second investigation.

In response, Bridge has filed numerous complaints in various state and federal venues, including with the New Jersey Public Employment Relations Commission, the

3

New Jersey Commissioner of Education, the Equal Employment Opportunity

Commission, and the New Jersey Division on Civil Rights. Bridge filed this suit in the

District Court for the District of New Jersey, alleging he was deprived of his First

Amendment rights.

The defendants filed a motion to dismiss under Rule 12(b)(6). The District Court

surrendered federal jurisdiction based on its invocation of *Colorado River* abstention.

Following its decision to abstain, the District Court granted the defendants' motion on

November 17, 2015, and dismissed Bridge's complaint with prejudice. Bridge timely

appealed.

## II

The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction

under 28 U.S.C. § 1291. We exercise plenary review over an order granting a Rule

12(b)(6) motion.[2] In deciding a motion to dismiss, we "accept all factual allegations as

true, construe the complaint in the light most favorable to the plaintiff, and determine

whether, under any reasonable reading of the complaint, the plaintiff may be entitled to

relief."[3]

---

[2] *Winer Family Tr. v. Queen*, 503 F.3d 319, 325 (3d Cir. 2007).
[3] *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks omitted).

III

Bridge raises three arguments on appeal: (1) the District Court improperly considered a New Jersey Administrative Law Judge's report in dismissing his complaint; (2) *Colorado River* abstention does not apply here; and (3) even if *Colorado River* abstention applies, the District Court, rather than dismissing his complaint, should have stayed the case pending the outcome of his New Jersey administrative proceedings. We do not reach these arguments, for in our view there is a non-abstention based ground upon which we must affirm the District Court's dismissal.

Issue preclusion, also known as collateral estoppel, bars relitigation of issues adjudicated in a prior action. Bridge's First Amendment claims were recently addressed by New Jersey's Public Employment Relations Commission (PERC). In certain circumstances, state agency determinations "may be given preclusive effect . . . where the agency is acting in a judicial capacity."[4] "We have explained that 'in determining whether a litigant has been given a "full and fair" opportunity to litigate a claim, we must take into account the possibility of appellate review' because a full and fair opportunity to litigate 'includes the possibility of a chain of appellate review.'"[5] PERC is a New Jersey

---

[4] *Caver v. City of Trenton*, 420 F.3d 243, 259 (3d Cir. 2005).

[5] *DePolo v. Bd. of Supervisors of Tredyffrin Twp.*, 835 F.3d 381, 387 (3d Cir. 2016) (quoting *Crossroads Cogeneration Corp. v. Orange & Rockland Utils., Inc.*, 159 F.3d 129, 137 (3d Cir. 1998)).

5

administrative agency acting in a quasi-judicial capacity.[6] It rejected Bridge's argument that his First Amendment rights were violated as a result of the same events at issue in this federal case.[7] Under New Jersey law, Bridge had a right to appeal PERC's decision to the Appellate Division of the New Jersey Superior Court within 45 days of its issuance.[8] He did not do so. PERC's decision is now a final judgment entitled to preclusive effect in federal court.[9] "In public employee discipline matters, the public interest in the finality of the litigated disciplinary matter must weigh in the equitable application of estoppel principles, for it is an unnamed party in interest to the efficient and fair resolution of civil service discipline."[10] Bridge's federal complaint was properly dismissed.

IV

For the foregoing reasons, we will affirm the District Court's order.

---

[6] *See City of Jersey City v. Jersey City Police Officers Benevolent Ass'n*, 713 A.2d 472, 479 (N.J. 1998); *Galloway Twp. Bd. of Educ. v. Galloway Twp. Educ. Ass'n*, 393 A.2d 218, 224 (N.J. 1978).

[7] *N. Warren Reg'l Sch. Dist. Bd. of Educ.*, No. 2016-85 (N.J. P.E.R.C. June 30, 2016). The New Jersey Commissioner of Education also rejected claims brought by Bridge stemming from the events at issue in this case. *James Bridge*, No. 306-16 (N.J. Comm'r of Educ. Aug. 22, 2016). Bridge did not exercise his right to appeal the Commissioner's decision to the New Jersey Superior Court, Appellate Division. *See* N.J. Stat. Ann. § 18A:6-9.1(a).

[8] *See* N.J. Stat. Ann. § 34:13A-5.4(d); N.J. Ct. R. 2:4.1(b).

[9] *See DePolo*, 835 F.3d at 387 & n.20.

[10] *Winters v. N. Hudson Reg'l Fire & Rescue*, 50 A.3d 649, 660 (N.J. 2012).